UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| OLD NATIONAL BANK, ) <br> ) <br>     Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> PLATINUM CAPITAL, LLC; UNITED STATES ) <br> OF AMERICA, SMALL BUSINESS ) <br> ADMINISTRATION, as successor in Interest to ) <br> INDIANA STATEWIDE CERTIFIED ) <br> DEVELOPMENT CORPORATION; WABASH ) <br> COUNTY FARM BUREAU CREDIT UNION, ) <br> ) <br>     Defendants. ) | CAUSE NO.: 1:04-CV-371-TS |

| |
|---|
| UNITED STATES OF AMERICA, ) <br> ) <br>     Cross/Counter/Third-Party Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> OLD NATIONAL BANK, ) <br> ) <br>     Counter-Defendant, ) <br> ) <br> PLATINUM CAPITAL, LLC; WABASH ) <br> COUNTY FARM BUREAU CREDIT UNION, ) <br> ) <br>     v. ) <br> ) <br> NX COMMUNICATOINS, LLC; SCOTT A. LINN;) <br> JAMES CRAMER; EARNEST INVESTMENTS, ) <br> ) <br>     Third-Party Defendants. ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Old National Bank's Motion for Summary Judgment [DE 15], filed on May 9, 2005, and its Motion for Hearing on Motion for Summary Judgment [DE 20], filed on June 23, 2005. Old National Bank (ONB) contends that the undisputed material facts show that it, through its assignee, Global Financial, LLC, is entitled to recover from the Defendant, Platinum Capital, LLC, the sum of $978,559.92, plus interest accruing after April 2, 2004, to the date of judgment at the rate of 5.15%, and reasonable attorney's fees and costs, for Platinum's default on a Promissory Note to ONB. The Plaintiff also submits that the undisputed facts confirm that it is entitled to foreclose the mortgages that Platinum executed to secure its obligations under the Note.

No response has been filed to the Plaintiff's Motion for Summary Judgment.

**BACKGROUND**

On July 6, 2004, Old National Bank filed a Complaint in Grant County against Platinum Capital, LLC, (Platinum), the Indiana Statewide Certified Development Corporation (Indiana Statewide), and the Wabash County Farm Bureau Credit Union. ONB alleged that on November 5, 2003, Platinum issued a Promissory Note to it for $977,500 plus interest and other charges. As security, Platinum executed and delivered two Mortgages for real estate at 101 South Washington Street in Marion, Indiana, (the Real Estate) which were recorded in the Office of the Recorder of Grant County, Indiana. ONB claims that Platinum owes ONB the principal balance on the note, interest, attorney's fees, and other charges as a result of defaulting on its obligations under the Note. ONB included Indiana Statewide and Wabash County Farm Bureau Credit Union as parties by virtue of mortgages recorded in the Office of the Recorder of Grant County. ONB requests judgment

against Platinum, an order declaring the validity and priority of all liens, interests, and claims upon the mortgaged Real Estate, an order foreclosing the lien of Mortgages held by ONB, and foreclosing and barring the interest and equity of redemption in the Real Estate of Platinum and all person claiming through it, and an order directing the sale of the Real Estate and directing the Sheriff of Grant County to levy upon the goods and chattel of Platinum if the proceeds of the sale are not sufficient to satisfy ONB's claim.

On October 5, 2004, the United States of America, acting on behalf of the United State of America Small Business Administration (SBA), which is the successor in interest to Indiana Statewide, removed ONB's Complaint to federal court.[1] On November 8, 2004, the SBA filed its Answer and also filed a Crossclaim and Counterclaim against ONB, Platinum, and the Wabash County Farm Bureau Administration. On November 9, 2004, NX Communications, LLC, Scott A Linn, James Cramer, and Earnest Investments were added as third party defendants to answer for their personal guaranty of Platinum's note to Indiana Statewide. NX Communications was dismissed on January 7, 2005.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1] The Petition for Removal states that the action was removed pursuant to 28 U.S.C. §§ 1441 and 1446 "for the reason that pursuant to 28 U.S.C. § 1346 the district court has jurisdiction over plaintiff's claim for the foreclosure of certain real estate located at 101 South Washington Street, Marion, Indiana 46952." (Pet., ¶ 3.) On July 14, 2005, the Court held a telephone conference with the parties to discuss subject matter jurisdiction. The Court advised the parties that it did not believe that jurisdiction existed under 28 U.S.C. § 1346 because the claim exceeded $10,000. The Court invited the government to file a memorandum regarding jurisdiction. On July 20, 2005, the government filed a Motion to Amend Petition for Removal and clarified that jurisdiction and removal was appropriate under 28 U.S.C. § 1444. On July 21, 2005, the Court granted the Motion to Amend.

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material

4

fact exists.  *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings.  Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If no response is filed, the court assumes that the facts claimed and supported by admissible evidence by the moving party are admitted to exist without controversy. N.D. Ind. L.R. 56.1(b).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party.  *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).  A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

**STATEMENT OF FACTS**

On November 5, 2003, Platinum executed and delivered to ONB a Promissory Note in the principal amount of $977,500. Platinum agreed to make payments to ONB on the Note. These payment obligations were secured by two Mortgages executed by Platinum on Real Estate at 101 South Washington Street, in Marion, which is in Grant County, Indiana.

As of April 2, 2004, Platinum has defaulted on the Note and Mortgages. The remaining balance on the Note is $978,559.92, plus interest.[2]

**DISCUSSION**

**A. Promissory Note**

The Plaintiff contends that the undisputed facts establish that Platinum executed a Promissory Note that required it to make installment payments to ONB and that Platinum failed to make these payments. The Note provides that Platinum, as the borrower, promises to pay ONB, as the lender, the principal amount of $977,500, "together with unpaid interest on the unpaid balance from November 5, 2003, until paid in full." (Compl., Ex. B.) Platinum agreed to pay the loan in 119 regular payment of $6,573.06 and one irregular final payment. (*Id.*) The agreed interest rate was 5.15%. The Note also states that the following event constitutes default: "Payment Default. Borrower fails to make any payment when due under this Note." (Compl., Ex. B.)

The construction of a written contract is generally a question of law, and summary judgment is particularly appropriate because there are no issues of fact. *Kordick v. Merchants Nat'l Bank and*

---

[2] The Complaint indicates that, as of April 2, 2004, the principal balance on the Note was $971,748.24, that interest had accrued at the rate of $139.014 per day in the amount of $6,811.68, and that interest was also due at 5.15% from April 2, 2004. In the Motion for Summary Judgment, these claims are supported by the Affidavit of David Keller.

*Trust Co. of Indianapolis*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986). Here, there is no issue regarding Platinum's obligation under the Note or its default on that obligation. Accordingly, Global Financial is entitled to judgment as a matter of law on its claim for recovery of the unpaid sum of $978,559.92, plus interest accruing after April 2, 2004, at the rate of 5.15%.

### B. Foreclosure of Mortgages

ONB also claims that it is entitled to foreclose its mortgage liens against the Real Estate. The Mortgages that Platinum filed as security for its payment obligations under the Promissory Note, provided "Rights and Remedies on Default." One such remedy that the lender could exercise was "Judicial Foreclosure." This remedy provides that the "Lender may obtain a judicial decree foreclosing Grantor's interest in all or any part of the Property. (Compl., Exs. C and D.)

Again, there is no dispute that Platinum failed to make installment payments required by the Promissory Note. This default gives rise to the right of foreclosure both under the language of the Mortgages and state law. *See* I.C. § 32-30-10-3 ("If a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee . . . may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage."). No issue of material fact exists to preclude ONB's assignee, Global Financial, from foreclosing the Mortgages for the real property commonly known as 101 Washington Street, Marion, Indiana, 46952.

### C. Attorney's Fees and Expenses

ONB's last request in its Motion for Summary Judgment is for the recovery of attorney's fees

7

and expenses incurred in prosecuting this action.

"As a general rule, each party to litigation pays his own attorney fees, absent a statute, agreement, or stipulation to the contrary." *Ind. Dept. of Public Welfare v. Chair Lance Serv., Inc.*, 523 N.E.2d 1373, 1379 (Ind.1988). Here, the parties agreed to the following in the Mortgages securing the Promissory Note:

> If Lender institutes any suit or action to enforce any of the terms of this Mortgage, Lender shall be entitled to recover such claims as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph include . . . Lender's attorneys' fees and Lender's legal expenses whether or not there is a lawsuit . . . .

(Compl., Ex. B and C, at 7.)

Global Financial states that it can reasonably expect to incur attorney's fees and expenses of at least $8,500 in this case. (Affidavit in Support of Attorney's Fees, James G. Lauck.) Attorney Lauck notes that the requested fees are less than 10% of the amount sued upon.

The Court finds that the Affidavit in Support of Attorney's Fees reveals little regarding the appropriateness of the requested fee. It states in generic terms the work that has been done and speculates what additional work will be done to bring this suit to conclusion. It does not refer to specific hours or rates, or provide any basis for same.

> In the absence of a stipulation on the subject by the parties, it is error to add a sum for attorney fees to the amount otherwise due on a promissory note where it merely provides for 'attorney fees' without indicating the amount, unless evidence is heard which fairly tends to prove how much is due. A finding by the court as to the value of an attorney's services should be supported by testimony or evidence.

*Parrish v. Terre Haute Sav. Bank* , 431 N.E.2d 132, 138–39 (Ind. Ct. App. 1982) (citations omitted).

Some relaxation in this rule has been allowed when the attorney's fees are set by a trial court judge due to the judge's expertise in the area. *Id.* at 139. However, in *Berkemeier v. Rushville National Bank*, 438 N.E.2d 1054 (Ind. Ct. App. 1982), an action on a promissory note and to foreclose a real estate mortgage and security agreement, the trial judge's power to fix attorney's fees based upon his own expertise was seriously questioned. *See also U. S. Aircraft Financing, Inc. v. Jankovich*, 407 N.E.2d 287, 296 (Ind. Ct. App. 1980) (advising trial courts to examine objective factors, not their subjective reaction, when deciding the amount of attorney's fees to be awarded). The court in *Berkemeier* opined that "save for routine cases involving relatively small amounts, awards of attorney's fees in cases of this nature must be supported by evidence." 438 N.E.2d at 1058.

In *Peoples State Bank of Clay County v. Thompson*, 462 N.E.2d 1068, 1073 (Ind. Ct. App. 1984), the court stated:

> The law in Indiana is conflicting on the question of whether a court can award attorney's fees without supporting evidence. *U.S. Aircraft Financing, Inc. v. Jankovich*, (1980) Ind. App., 407 N.E.2d 287. It appears that in certain types of cases, particularly divorce or dissolution, it is generally held that evidence is not required to support an award of attorney's fees. This is apparently true when the amount of the fees is relatively modest or appears to be the norm for the type of litigation under consideration. However, where the nature of the action is unique, the Supreme Court has held that lack of evidence is fatal. *Sears, Roebuck and Co. v. State*, (1967) 248 Ind. 169, 225 N.E.2d 175.
>     Here, there is scant evidence as to the amount, adequacy, or reasonableness of the attorney's fees. Certain objective standards should be employed in making a decision regarding attorney's fees. *See, U.S. Aircraft Financing, Inc. v. Jankovich*, *supra* at 296. Such factors include: time, labor, skill required to perform the service, difficulty of issues, the fee customarily charged in the locality for similar services, and the amount of money involved as well as those factors set forth in the Code of Professional Responsibility, D.R. 2-106(B).

The court concluded that the evidence before it was not sufficient to make a determination as to whether the trial court abused its discretion in its award of fees and remanded the cause to the trial court for a hearing on the matter of attorney's fees. 462 N.E.2d at 1073–74.

Here, the Court finds that the evidence is insufficient to determine the reasonableness of the Plaintiff's requested fees. The affiant states that the novelty of the case and the professional skills required for the matter should be considered when awarding the fee, but does not indicate whether, or for what reasons, this case should be considered novel or requiring special skills. The Plaintiff also avers that the fee requested is "customary and usual for similar cases when prosecuting commercial law actions in this locality and in the State of Indiana." (Lauck Aff., ¶¶ 4,6.) However, no basis for this assertion is provided. Because additional evidence is needed to determine a reasonable fee, it would be improper for the Court to determine the attorney's fee award at the summary judgment stage.

## CONCLUSION

The Plaintiff's Motion for Summary Judgment [DE 15] is GRANTED in part and DENIED in part. The Plaintiff's Motion for Hearing on the Motion for Summary Judgment [DE 20] is DENIED as MOOT.

SO ORDERED on July 21, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT