**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION**

| | |
|---|---|
| OLD NATIONAL BANK,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | CAUSE NO. 1:04-CV-371-TS |
| ) | |
| PLATINUM CAPITAL, LLC; UNITED      ) | |
| STATES OF AMERICA, SMALL      ) | |
| BUSINESS ADMINISTRATION, as      ) | |
| Successor in Interest to INDIANA      ) | |
| STATEWIDE CERTIFIED DEVELOP-      ) | |
| MENT CORPORATION; WABASH      ) | |
| COUNTY FARM BUREAU CREDIT      ) | |
| UNION,      ) | |
| ) | |
| Defendants.      ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA,      )
)
　　　　Cross/Counter/Third      )
　　　　Party Plaintiff,      )
)
　　vs.      )
)
OLD NATIONAL BANK,      )
)
　　　　Counter-Defendant,      )
)
　　vs.      )
)
PLATINUM CAPITAL, LLC; WABASH      )
COUNTY FARM BUREAU CREDIT      )
UNION,      )
　　　　Cross-Defendants,      )
)
　　vs.      )
)
SCOTT A. LINN; JAMES CRAMER;      )
And EARNEST INVESTMENTS,      )
　　　　Third-Party      )
　　　　Defendants.      )

## **JUDGMENT AND DECREE OF FORECLOSURE**

Comes now the United States of America, by Joseph S. Van Bokkelen, United States Attorney for the Northern District of Indiana, and it is shown to the satisfaction of the Court that the counter-defendant Old National Bank, and the cross-defendants, Platinum Capital, LLC and Wabash County Farm Bureau Credit Union and the third-party defendants, Scott A. Linn, James Cramer, and Earnest Investments have been duly served, as more fully appears from the returns of service filed herein.

It appears that more than 20 days have elapsed since service of the United States' crossclaim and counterclaim and third-party complaint and that the counter-defendant Old National Bank has failed to file an answer to the counter-complaint.

It appears that more than 20 days have elapsed since service of the United States' crossclaim and counterclaim and third-party complaint and that the cross-defendants and third-party defendants, Platinum Capital, LLC Scott A. Linn, James Cramer, and Earnest Investments have filed an appearance by counsel and answer to the cross-complaint.

It appears that more than 20 days have elapsed since service of the United States' crossclaim and counterclaim and third-party complaint, and that the cross defendant, Wabash County Farm Bureau Credit Union, has failed to plead or otherwise respond.

The Court now finds that the cross-defendant, Wabash County Farm Bureau Credit Union , is wholly in default, and the Court now FINDS the following:

1. Scott A. Linn filed for bankruptcy protection under Title 11 U.S.C., Chapter 7 in Case No. 05-15447-AJM-7, Southern District of Indiana, Indianapolis Division on August 9, 2005. Scott A. Linn is hereby dismissed without prejudice from this action.

2. That there is now due from the cross-defendants and third-party defendants, Platinum Capital, LLC, James Cramer, and Earnest Investments, the sum of $853,932.35 as of July 11, 2005, plus interest at the rate of 5.002% per annum or $1019.58 per diem to date of judgment, costs of this action and accruing costs, including but not limited to accrued interest, servicing fees, late fees, advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in preservation of the re al estate as agreed to by the parties or as further ordered by the Court, all without relief from valuation and appraisement laws.

3. That said sums are secured by the mortgage referenced both in the plaintiff's complaint and in the United States' crossclaim and counterclaim and third-party complaint, and that said mortgage is a first and prior lien upon said real estate as against all defendants, except Old National Bank, to the extent of said sums, and that the United States is entitled to have its mortgage foreclosed against the property described in the complaint and in the United States' crossclaim, counterclaim and third-party complaint.

4. Old National Bank holds an interest upon the real estate described herein that is superior to that of the United States of America.  The interest of Old National Bank arises pursuant to its liens which were recorded December 6, 2002 in the Office of the Recorder of Grant County, Indiana, as Instrument Nos. 200216056 and 200216057.

    IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE COURT:

    1. That the third-party defendant Scott A. Linn is hereby dismissed without prejudice from this action.

2.    That the United States of America be, and it hereby is granted, an in personam judgment against the cross-defendants and third-party defendants, Platinum Capital, LLC, James Cramer, and Earnest Investments, in the sum of $853,932.35 as of July 11, 2005, plus interest thereafter to date of judgment at the rate of $109.58 per diem or 5.002% per annum, plus costs of this action and accruing costs, including but not limited to advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in preservation of the real estate as agreed to by the parties or as further ordered by the Court, all without relief from valuation and appraisement laws.

3.    That the equity of redemption of the defendant, Platinum Capital, LLC., and all persons claiming by, through, or under it in and to said mortgaged premises located at 101 South Washington Street, Marion, Grant County, Indiana, and legally described as follows, to-wit:

> PARCEL A:   Lots Numbered 2 and 3 in Block 6 of the Original Plat of the City of Marion, Indiana.
>
> PARCEL B:   TRACT 1: Forty-four (44) feet off of the entire North side of Lot Number One (1) in Block Number Six (6) in the Original Plat to the Town now City of Marion, Indiana.
>
> TRACT 2:    Twenty-two (22) feet off of the South side of Lot Number One (1) in Block Number Six (6) in the Original Plat to the City of Marion, Indiana.

  ALSO:  Nineteen (19) feet off of the North side of Lot Number Four (4) in Block Number Six (6) in the Original Plat to the City of Marion, Indiana.

  ALSO:  Forty-seen (47) feet off of the South side of Lot Number Four (4) in the Block Number Six (6) in the Original Plat to the Town, now City of Marion, Grant County, Indiana.

  Be and the same is hereby forever barred and foreclosed, and that said real estate and all right, title, interest and claim of the defendants, and of all persons claiming by, through or under them in and to the same, or so much thereof as my be necessary for the purpose, unless the Marshal is notified by Plaintiff or the United States of America that the sale should not go forward, be sold by the United States Marshal for the Southern District of Indiana in accordance with the laws relating to foreclosure of real estate mortgages, without right of redemption and without relief from valuation and appraisement laws, but subject to the statutory right of redemption of the United States of America pursuant to Title 28 of the United States Code, Section 2410.  The real estate covered by said real estate mortgage may, at the election of the United States Marshal, be sold as a unit or in separate parcels as provided by 28 U.S.C. §§ 2001–2004. The Marshal, immediately upon consummating the sale, shall issue a Marshal's Deed to the purchaser; provided, however, that the interest acquired by the purchaser of the real estate at said sale shall be subject to any lien of Grant County, Indiana, for real property taxes in regard to said real estate, and further subject to any lien of a municipality for sewer fees assessed against the real estate, which lien is duly and properly recorded in the Grant County Recorder's Office prior to delivery of the sale deed to the purchaser.

1. That the United States of America retains the right of redemption granted it by 28 U.S.C. § 2410 (C) for the mortgaged premises located in Grant County, Indiana, and more particularly described in Paragraph 3 above.

2. That the United States of America may submit a sealed written bid to the United States Marshal at any time prior to the Marshal's sale. The Marshal shall unseal and publicly announce the United States' bid prior to receiving bids from persons present at the Marshal's sale. The public announcement of the United States' written bid shall have the same effect as if a representative of the United States were present and submitted its bid at the Marshal's sale. The United States may pay its bid with any part of the judgment that the United States is awarded in this judgment and Decree of Foreclosure.

3. That the proceeds arising from said sale of the real estate be applied as follows:

    a. To the payment of all costs and accruing costs.

    b. To Old National Bank on its note dated November 5, 2003 in the original principal sum of $977,500.00 secured by two real estate mortgages on the above-referenced property recorded December 6, 2002, in the Office of the Recorder of Grant County, Indiana, as Document Nos.. 2002-16056 and 2002-16057. The current balance owing on said note and mortgages per the Affidavit of David Keller is $978,559.92, plus interest accruing after April 2, 2004 to the date of judgment at the rate of 5.1500%.

    c. To the payment of the judgment of the United States of America against the cross-defendants and third party defendants, Platinum

     Capital, LLC, James Cramer, and Earnest Investments, in the sum of $853,932.35 as of July 11, 2005, plus interest thereafter to date of judgment at the rate of $109.58 per diem or 5.002% per annum, plus costs of this action and accruing costs, including but not limited to advances of real estate taxes, assessments, insurance premiums, and all other costs of collection in preservation of the real estate as agreed to by the parties or as further ordered by the Court, all without relief from valuation and appraisement laws. Post judgment interest shall accrue thereafter at the legal rate pursuant to 28 U.S.C. § 1961(a), and shall be computed daily and compounded annually until paid in full; and

  d. The overplus, if any, remaining after the payment of the costs and accruing costs and the foregoing judgment with all interest thereon, shall be paid to the Clerk of this Court for the benefit of the persons lawfully entitled thereto and authorized to receive same.

4. That the defendant, Platinum Capital, LLC, if residing on the property, or any other persons residing therein, shall vacate the real estate with ten (10) days of the sale.

5. That the United States Marshal, upon consummation of said sale, may place the purchaser of said real estate in immediate possession thereof. At such time as the purchaser may request after sale of the property, the Marshal shall evict any

defendant found occupying the premises herein foreclosed and deliver possession thereof to the purchaser, by application to the Court for Writ of Assistance.

6. Should the property sell for less than what is owed to the United States of America, then the United States shall have and recover a deficiency judgment against the cross-defendant, Platinum Capital, LLC, and against the third-party defendants, James Cramer, and Earnest Investments, jointly and severally, for any deficiency remaining after sale of the subject real estate and application of the proceeds, if any, to the debt of the United States of America.

Dated: September 21, 2005.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT