# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| OLD NATIONAL BANK,                              ) | |
|                                                                  ) | |
|         Plaintiff,                                          ) | |
|                                                                  ) | |
|         v.                                                    ) | CAUSE NO.: 1:04-CV-371-TS |
|                                                                  ) | |
| PLATINUM CAPITAL, LLC; UNITED STATES ) | |
| OF AMERICA, SMALL BUSINESS             ) | |
| ADMINISTRATION, as successor in Interest to ) | |
| INDIANA STATEWIDE CERTIFIED          ) | |
| DEVELOPMENT CORPORATION; WABASH ) | |
| COUNTY FARM BUREAU CREDIT UNION, ) | |
|                                                                  ) | |
|         Defendants.                                      ) | |
| _____     | |
|                                                                  ) | |
| UNITED STATES OF AMERICA,            ) | |
|                                                                  ) | |
|         Cross/Counter/Third-Party Plaintiff, ) | |
|                                                                  ) | |
|         v.                                                    ) | |
|                                                                  ) | |
| OLD NATIONAL BANK,                              ) | |
|                                                                  ) | |
|         Counter-Defendant,                          ) | |
|                                                                  ) | |
| PLATINUM CAPITAL, LLC; WABASH    ) | |
| COUNTY FARM BUREAU CREDIT UNION, ) | |
|                                                                  ) | |
|         v.                                                    ) | |
|                                                                  ) | |
| NX COMMUNICATOINS, LLC; SCOTT A. LINN;) | |
| JAMES CRAMER; EARNEST INVESTMENTS, ) | |
|                                                                  ) | |
|         Third-Party Defendants.                 ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Summary Judgment [DE 29] filed on July 22, 2005, by Cross/Counter/Third Party Plaintiff United States of America, on behalf of its agency, the U.S. Small Business Administration (SBA).

On July 27, 2005, Old National Bank (ONB) filed a response. ONB stated that the SBA's recitation of the superiority of ONB's mortgages was correct, that the Motion for Summary Judgment was well taken, and that it had no objection to the requested relief. No other parties responded to the SBA's Motion.

**BACKGROUND**

On July 6, 2004, Old National Bank filed a Complaint in Grant County against Platinum Capital, LLC, (Platinum), the Indiana Statewide Certified Development Corporation (Indiana Statewide), and the Wabash County Farm Bureau Credit Union (Wabash). ONB alleged that on November 5, 2003, Platinum issued a promissory note to it for $977,500 plus interest and other charges. As security, Platinum executed and delivered two mortgages for real estate at 101 South Washington Street in Marion, Indiana, which were recorded in the Office of the Recorder of Grant County, Indiana. ONB claimed that Platinum owes ONB the principal balance on the note, interest, attorney's fees, and other charges as a result of defaulting on its obligations under the note. ONB included Indiana Statewide and Wabash as parties by virtue of mortgages recorded in the Office of the Recorder of Grant County. ONB requested judgment against Platinum, an order declaring the validity and priority of all liens, interests, and claims upon the mortgaged real estate, an order foreclosing the lien of mortgages held by ONB and foreclosing and barring the interest and equity

2

of redemption in the real estate of Platinum and all person claiming through it, and an order directing the sale of the Real Estate and directing the Sheriff of Grant County to levy upon the goods and chattel of Platinum if the proceeds of the sale were not sufficient to satisfy ONB's claim.

On October 5, 2004, the United States of America, acting on behalf of the SBA, which is the successor in interest to Indiana Statewide, removed ONB's Complaint to federal court.[1] On November 8, 2004, the SBA filed its Answer and also filed a Crossclaim and Counterclaim against ONB, Platinum, and Wabash. On November 9, 2004, NX Communications, LLC, Scott A Linn (Linn), James Cramer (Cramer), and Earnest Investments were added as third party defendants to answer for their personal guaranty of Platinum's note to Indiana Statewide. NX Communications was dismissed on January 7, 2005.

The United States alleged in its pleading that on December 17, 2003, Platinum executed and delivered a Promissory Note to Indiana Statewide for $805,000. The United States claimed that it is the holder and owner of the Note by virtue of an Assignment and that Platinum owes the United States for defaulting on the Note. The United States also asserted claims against Platinum, Wabash, and ONB for foreclosure on the same property that ONB claimed entitlement to. The United States stated that "Old National Bank may have an interest in the mortgaged property and is named to answer as to its interests, if any." (Cross Claim, ¶ 7.) The United States submitted that "Wabash County Farm Bureau Credit Union may have an interest in the mortgaged property and is named to

---

[1] The Petition for Removal states that the action was removed pursuant to 28 U.S.C. §§ 1441 and 1446 "for the reason that pursuant to 28 U.S.C. § 1346 the district court has jurisdiction over plaintiff's claim for the foreclosure of certain real estate located at 101 South Washington Street, Marion, Indiana 46952." (Pet., ¶ 3.) On July 14, 2005, the Court held a telephone conference with the parties to discuss subject matter jurisdiction. The Court advised the parties that it did not believe that jurisdiction existed under 28 U.S.C. § 1346 because the claim exceeded $10,000. The Court invited the government to file a memorandum regarding jurisdiction. On July 20, 2005, the government filed a Motion to Amend Petition for Removal and clarified that jurisdiction and removal was appropriate under 28 U.S.C. § 1444. On July 21, 2005, the Court granted the Motion to Amend.

answer to its interests, if any. Its interests are junior and inferior to the United States of America by virtue of a subordination agreement. . . ." (Cross Claim, ¶ 8.)

The United States asked the Court to declare its mortgage to be a valid and subsisting lien on the real estate that is superior to all claims, liens, or interests, except those found by the Court to have superior interest in the real estate to that of the SBA, enter judgment in personam in favor of the SBA and against Platinum for the principal amount of the Note, plus interest, and other costs and expenses, enter an order foreclosing the Mortgage of the SBA on the real estate and foreclosing and barring all of the Defendant's equity or redemption and interest in the real estate and directing the sale of the real estate in order to pay the judgment.

For its action against the third-party defendants, Linn, Cramer, and Earnest Investments, the United States alleged that they executed and delivered guarantees to secure Platinum's note to Indiana Statewide and are responsible for the unpaid balance.

On May 9, 2005, ONB filed a Motion for Summary Judgment for Platinum's default on the promissory notes and to foreclose the mortgages provided as security for the notes. On July 21, 2005, the Court granted the requested relief, except that it denied ONB's request for summary judgment as to the recovery of attorney's fees and expenses. On September 7, 2005, ONB represented that it did not wish to pursue attorney's fees and requested that final judgment be entered in its favor.

On July 22, 2005, the United States filed its Motion for Summary Judgment. It asserts that the record established a default under the note, mortgage, and guarantees. It also states that there is no dispute as to the priority of liens and that it agrees that ONB has a superior interest in the real estate sought to be foreclosed. On July 27, 2005, ONB responded that it did not object to the SBA's

Motion. On August 9, 2005, Third-Party Defendant Scott A. Linn filed a Notice of Automatic Stay for the reason that he filed for bankruptcy on that date. No other party has responded to the SBA's Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate—in fact, is mandated—where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to

5

interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325.

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). If no response is filed, the court assumes that the facts claimed and supported by admissible evidence by the moving party are admitted to exist without controversy. N.D. Ind. L.R. 56.1(b).

**STATEMENT OF FACTS**

On December 17, 2003, Platinum executed and delivered to Indiana Statewide a Promissory Note in the principal amount of $805,000. To secure the Note, Platinum executed and delivered to Indiana Statewide a Mortgage dated December 17, 2003, on real estate commonly known as 101 South Washington Street in Marion, Indiana. The Mortgage was recorded in the Office of the

Recorder of Grant County, Indiana, on December 17, 2003. As further security for payment of the Note, Linn, Cramer, and Earnest Investment, executed and delivered to Indiana Statewide Unconditional Guarantees.

On December 17, 2003, Indiana Statewide assigned the Promissory Note, Mortgage, and Guarantees to the SBA, who is the current holder of these documents. Platinum failed to make monthly payments on the Note as required by its terms. As of July 11, 2005, the balance of the indebtedness on the Note was $799,607.56 in principal and $54,324.79 in accrued interest. Interest continues to accrue on the principal amount at a rate of 5.002% per annum or $109.58 per diem.

The mortgages of ONB, which were recorded on December 6, 2002, in the Office of the Recorder of Grant County, are superior to the SBA's Mortgage recorded December 17, 2003. Wabash also has a mortgage on the Marion real estate, but executed a subordination agreement on December 17, 2003, in favor of the SBA. The agreement was recorded on January 20, 2004, in the Office of the Recorder of Grant County, Indiana.

## DISCUSSION

The construction of a written contract is generally a question of law, and summary judgment is particularly appropriate because there are no issues of fact. *Kordick v. Merchants Nat'l Bank and Trust Co. of Indianapolis*, 496 N.E.2d 119, 125 (Ind. Ct. App. 1986). Here, the relevant documents demonstrate that there is no issue regarding Platinum's obligation to the SBA under the Note or its default on that obligation. Neither is there any question that Linn, Cramer, and Earnest Investments executed Unconditional Guarantees and have defaulted on those Guarantees. The writings also establish that the SBA's Mortgage is inferior to ONB's mortgage, but superior to Wabash's

mortgage.

Platinum's Promissory Note provides that "Borrower is in default under this Note if Borrower does not make a payment when due under this Note." (SBA Ex. A at 2.) The Unconditional Guarantees provide that "Guarantor unconditionally guarantees payment to Lender of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. . . . Lender is not required to seek payment from any other source before demanding payment from Guarantor." (SBA Exs. F-I at 1.) The Mortgage provides that if the mortgagor defaults on the Promissory Note, the entire indebtedness becomes due immediately and that the mortgagee may sell the property or "take any other appropriate action pursuant to state or Federal statute either in sate [sic] of Federal court or otherwise for the disposition of the property." (SBA Ex. C at 3.) Indiana Code provides: "If a mortgagor defaults in the performance of any condition contained in a mortgage, the mortgagee . . . may proceed in the circuit court of the county where the real estate is located to foreclose the equity of redemption contained in the mortgage." *See* I.C. § 32-30-10-3.

In rendering judgment of foreclosure, the courts shall:

(1) give personal judgment against any party to the suit liable upon any agreement for the payment of any sum of money secured by the mortgage; and

(2) order the mortgaged premises, or as much of the mortgaged premises as may be necessary to satisfy the mortgage and court costs, to be sold first before the sale of other property of the defendant.

I.C. § 32-30-10-5.

The Assignment from Indiana Statewide to the SBA provides that Indiana Statewide

hereby sells, assigns, and transfers unto SBA all of [Indiana Statewide]'s right, title and interest in and to a certain promissory note, executed by Platinum Capital, LLC, . . . payable to [Indiana Statewide] under the date of December 17, 2003, in the principal amount of . . . $805,000, and all of [Indiana Statewide]'s rights whatsoever thereunder, together with all of [Indiana Statewide]'s rights, title and interest to each

8

> and every collateral document . . . which secures payment of said note, including . . . the following: security agreements, insurance policies, mortgages, guaranties, pledges, certificate of titles and assignments of interest.

(SBA Ex. B.)

The Subordination Agreement indicates that Platinum granted a mortgage to Wabash on the Marion real estate on April 22, 2002, which was recorded on June 4, 2002. (SBA Ex. E.) Indiana Statewide indicated its willingness to make a loan to Platinum upon Wabash's and Indiana Statewide's agreement that Wabash's mortgage "shall be in effect and considered to be junior and subordinate to a mortgage lien granted to [Indiana Statewide] by [Platinum] in the same real estate." (SBA Ex. E.) The Agreement clarified that the superior lien was dated December 17, 2003, and recorded that same date as document number 200318614.

The documents outlined above form the basis of the SBA's Motion for Summary Judgment. No party has attempted to demonstrate, much less succeeded in demonstrating, the existence of a genuinely disputed fact regarding the terms of these documents. ONB expressly agrees with the SBA's Motion and asserts that the Decree of Foreclosure should acknowledge the superiority of ONB's mortgages. The record undisputedly establishes that Wabash's mortgage was rendered junior and inferior to the SBA's Mortgage by the Subordination Agreement.

The United States is entitled to judgment against Platinum, Cramer, and Earnest Investments, jointly and severally, and is also entitled to foreclose the Mortgage given by Platinum. Scott A. Linn is dismissed from this action without prejudice by virtue of his having filed for bankruptcy protection under Title 11 U.S.C., Chapter 7 under Case No. 05-15447-AJM-7, Southern District of Indiana, Indianapolis Division on August 9, 2005.

## CONCLUSION

For the foregoing reasons, the SBA's Motion for Summary Judgment [DE 29] is GRANTED in PART[2] and judgement shall issue in favor of the SBA and against Platinum Capital LLC, James Cramer, and Earnest Investments, jointly and severally. The SBA is entitled to foreclose upon the mortgage given by Platinum Capital, LLC. No remaining issues are pending against any of the parties. The Decree of Foreclosure provides further detail regarding the disposition of all the parties.

SO ORDERED on September 21, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] The SBA's Motion is only granted in part because the SBA moved for summary judgment against ONB, Platinum, Wabash, Linn, Cramer, and Earnest Investments. However, judgment is only appropriate as against Platinum, Cramer, and Earnest Investments.